# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | No. 4:18-CV-01797 |
| Plaintiff, | | (Judge Brann) |
| v. | | |
| MAX A. OBERDORF | | |
| Defendant. | | |

## MEMORANDUM OPINION

### NOVEMBER 30, 2018

On September 12, 2018, the United States of America filed a foreclosure action against Defendant Max A. Oberdorf.[1]  The Clerk of Court entered default against Mr. Oberdorf on November 29, 2018.[2]  The United States now moves for entry of default judgment against Mr. Oberdorf under Federal Rule of Civil Procedure 55(b).[3]

The United States Court of Appeals for the Third Circuit has noted that "[w]hen a defendant fails to appear[,] . . . [this Court] is authorized to enter a

---

[1] ECF No. 1.
[2] ECF No. 9.
[3] ECF No. 6.

default judgment based solely on the fact that the default has occurred."[4]  Because the factual allegations of the United States' complaint establish a right to relief,[5] and because a sum certain amount of damages has been established with competent evidence,[6] this Court will grant the United States' motion and enter default judgment against Mr. Oberdorf.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[4]  *Anchorage Associates v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

[5]  *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) ("A consequence of the entry of default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

[6]  *See* ECF No. 1-1; *see also Comdyne I, Inc.*, 908 F.2d at 1149.